The plaintiffs' ancestor, George Dougherty, made an entry in 1784 upon which a warrant issued. A law was passed by the State of North Carolina providing that, If any person should lose the land which they should enter, the person so losing it might remove *Page 135 
his warrant to any other vacant and unappropriated land. The land first entered by Dougherty in 1784 from some cause or other could not be held; in consequence of which upon the aforesaid warrant another entry was made after the land office opened in 1807, upon which, in the same year, a grant issued. This last entry, and the grant thereon, was made in the name of George Dougherty, who was proved to have died many years before.
The Legislature of North Carolina made a provision that, if any person made an entry and then died, his heirs should inherit the land, although the grant might issue in the name of the decedent.
The question was whether any interest could pass to the heirs of George Dougherty under these circumstances?
It can not be questioned but that, at common law, a grant to a deceased person passed no estate to his heirs, or, in other words, nothing passed by the grant. But the Legislature of North Carolina, supposing this principle to operate inconveniently, in the year 1779 passed a remedial law on the subject, and declared that where a man made an entry and then died before a grant issued, the estate should pass to his heirs, although the grant issued in his name after his death.
The warrant which authorized the entry in 1807 was founded upon a previous entry made in 1784, during the lifetime of George Dougherty. If that entry had been directly carried into a grant in the name of Dougherty, although after his death, yet the estate would have passed to his heirs under the Act of 1779, before alluded to. This would have been the fact if the first entry had been special; but it was not special, and therefore it was re-entered in 1807. Shall not this last entry relate back to the first? Not in such a manner, I admit, as to make the claim, in point of priority, good from 1784, but for the purpose of bringing it within the Act of 1779? *Page 136 
The Act of 1779 should be construed liberally it is a remedial law, and should be construed so as to advance the remedy and suppress the mischief. I am of opinion that this case comes fairly within the spirit and meaning of it. I do not consider the entry made in 1807 entirely as an original entry, but rather as a re-entry. And there is the less difficulty in giving this construction as no inconvenience results from it, and because it works no injury to any person.